# United States Bankruptcy Court
# for the District of Oregon

**Frank R. Alley, III, Judge**
Barbara D. Ivey, Judicial Assistant
Lee D. Brice, Law Clerk



151 West Seventh Ave., Suite 300
Post Office Box 1335
Eugene, Oregon 97440
(541) 465-6767
FAX: (541) 465-6898

September 27, 2006

Mr. Ronald Sticka
PO Box 10990
Eugene, OR 97440

Ms. Gail Geiger
Office of the U.S. Trustee
211 East 7th Avenue, Suite 285
Eugene, OR 97401

RE:  Case Nos. 05-72463-fra7    HEATHER BURNEY
               05-71017-fra7    CASEY & HEIDI KISER
               05-67200-fra7    RICARDO & GABRIELA CORONA
               05-65116-fra7    JOHN & NANCY MATHESON
               04-69127-fra7    DEAN DAVENPORT
               04-69075-fra7    JOSHUA & KARI MCCLAUGHRY
               04-67644-fra7    LENN & RACHEL GREER
               04-66204-fra7    ROSALIE BLACKBURN
               04-61817-fra7    IRENE SWANSON-BYRD
               03-69133-fra7    WILLIAM & LAURA HATCH
               03-63911-fra7    JULIE GADDIS
               01-64843-fra7    LARRY & JANE BRUCE

Dear Mr. Sticka and Ms. Geiger:

      In each of the cases captioned or enumerated above the Trustee has, in his final account, set forth a claim for reimbursement of the costs of storing and, ultimately destroying, estate records pursuant to the United States Trustee's guidelines for panel trustees. The U.S. Trustee has objected to the final account to the extent of these requests.

      The matter was heard on September 21, 2006. Evidence was submitted by way of offers of proof from each party, readily accepted by the other. After due consideration of the evidence and applicable law, the Court concludes that the expenses for which the Trustee seeks reimbursement are part of his overhead, and may not be recovered from the individual estates.

FACTS

In each case the Trustee has, in the course of administration, accumulated files and records relating to the case. Such records may include documentation of financial transactions and disbursements of dividends, litigation relating to the estate, correspondence with the Court, U.S. Trustee, and interested parties, and so on. In each case the Trustee has carefully "accumulated and organized" the documents for storage, and overseen the storage of the documents in space leased at his expense in a building in which his office is situated. He has, in each case, ascertained the amount of space taken by the files and calculated the costs of storage for five years based on the amount of space taken up by individual files at his cost of renting the storage facility. He includes in his request for reimbursement of expenses the projected costs of disposing of the documents at the end of the five-year period in the manner prescribed by the U.S. Trustee. The Court assumes, for the sake of this opinion, that the Trustee's claim accurately reflects the liability he undertakes in storing and ultimately disposing of the documents.[1]

The documents are stored pursuant to the policies of the United States Trustee Program, which are described in § 10 of the Handbook for Chapter 7 Trustees. A copy of this provision is set out in the appendix to this opinion. Until recently it was the practice in this district for estate records to be retained by the U.S. Trustee, rather than the Panel Trustee, after the final account is approved and the case closed. The Court is advised that this practice was unusual, if not unique to this district. The practice has recently been discontinued, and documents are now returned by the U.S. Trustee to the Panel Trustee after the case is closed. Panel Trustees are required to maintain the records in the manner described in the handbook.

LEGAL STANDARDS

Code § 503(b)(1)(A) provides for allowance of an administrative expense for "the actual, necessary costs and expenses of preserving the estate including. . . ." The section goes on to provide examples, including wages, salaries and commissions for services rendered, taxes, professional compensation, and the actual and necessary expenses of creditors in certain cases.

Code § 330(a)(1)(B) provides for the reimbursement of "actual, necessary expenses" incurred by the trustee. In Sousa v. Miguel (In re United States Trustee) 32 F.3d 1370 (1994), the Court of Appeals for the Ninth Circuit, after reviewing case law from several Bankruptcy Courts, concludes that § 330 "does not contemplate reimbursement for normal overhead expenses." Id. At 1372-73.

The cases surveyed by the Court of Appeals are not entirely consistent. Some reject the trustee's applications because they are based on projected expenses, which the courts in question find are not "actual" expenses as required by the Code. See, e.g., In re Williams, 102 B.R. 197, 199 (Bankr. N.D. Ca. 1989). Others have held that Chapter 7 trustees are not entitled to recover

---

[1] That being said: the Trustee is of the view that prudent practice requires maintaining the files for five years. The U.S. Trustee requires only that the files be maintained for two years. Given the Court's ultimate disposition of the claim, the distinction is academic.

overhead expenses inherent in the process of maintaining an office, such as reviewing mail, making deposits, reconciling bank statements, managing phones, and the like. See In re Rauch, 110 B.R. 467, 476 (Bankr. E.D. Ca. 1990).

The courts distinguish from these ordinary activities extraordinary expenses undertaken in light of particular needs of an individual case. Williams at 198, cited in Miguel, 32 F.3d at 1374. The Miguel Court includes the following passage from Williams:

> For instance, postage to give 100 creditors notice of a proposed sale is reimbursable, but an allocation of general postage costs is not; the costs of a special clerk hired to collect an estate's accounts receivable are reimbursable, but a general allocation of the salary of the trustee's employees is not; the charge for a specific telephone conference call is reimbursable, but an allocation of the basic monthly telephone charge is not; preparation of a special flyer to advertise as [sic] sale is reimbursable, but the cost of the trustee's letterhead is not.

## DISCUSSION

The statutory duties of a Chapter 7 panel trustee are set out in Code § 704 and other Code provisions. The panel trustees are under the general supervision of the United States Trustee. 28 U.S.C. § 586(a). The manner in which the panel trustee is required to carry out his or her duties is set out in great detail in the United States Trustee Manual and the Chapter 7 handbooks and reference materials promulgated by the U.S. Trustee.[2] Among the myriad duties of the Chapter 7 trustee in every case is the preservation of records documenting the course of the case and the trustee's performance of his duties. It is as integral a part of the administration of a case as the conduct of creditors' meetings, correspondence with interested parties, maintenance of the trust's bank accounts, and maintenance and operation of a professional office. While a trustee may seek reimbursement for extraordinary expenses related to specific cases, and expenses relating to the acquisition, storage and liquidation of estate assets (such as auctioneer's commissions), the trustee is not, under the rules set out in Miguel, entitled to recover expenses occasioned by the operation of his professional establishment. Accordingly, I find that the costs of storing and disposing of the Trustee's records and files accumulated in the ordinary course of administration are not subject to reimbursement.

The Court is not unmindful of the policy arguments advanced by the Trustee. However, the fact that various developments in the law result in a reduction of the panel trustees' revenues does not justify judicial intervention by expanding the scope of reimbursable expenses.

The U.S. Trustee's objection to the Trustee's accountings is sustained, and the Trustee's claims for reimbursement for storage and document disposition expenses are disallowed.

---

[2] These documents may be found at http://www.usdoj.gov/ust/eo/private_trustee/libraryindex.htm.

      Counsel for the U.S. Trustee shall prepare an order in each case consistent with the foregoing, which constitutes the Court's findings of fact and conclusions of law.

                           Very truly yours,

                           FRANK R. ALLEY
                           Bankruptcy Judge

FRA:bdi